UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, | |
| Plaintiff, | Civil Action No. 1:21-cv-11179 |
| v. | July 20, 2021 |
| PS TREE SERVICE, INC. and RONAN A. DE SOUZA, | **Injunctive relief requested** |
| Defendants. | |

## COMPLAINT

This case concerns an employer's ominous and unlawful threats against a former employee and the employee's family. The employer's threats resulted from that family's participation in the United States Department of Labor's investigation of the employer under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "Act" or "FLSA"). Accordingly, the employer's threats violated the anti-retaliation provision of the FLSA, 29 U.S.C. § 215(a)(3). To seek redress for that violation, Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor (the "Secretary"), brings this action under the FLSA to restrain Defendants PS Tree Service, Inc. and Ronan A. De Souza (collectively, "Defendants") from retaliating against former employee Daniel Chaves, Chaves's family, and other employees and their families, in violation of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3).

Chaves and Chaves's aunt and former legal guardian, Andreia Skinner, provided statements to the United States Department of Labor during the agency's investigation of Defendants under the FLSA. Defendant De Souza, who believed that Skinner had made a complaint about Defendants' employment practices, then sent threatening text messages to both

1

Chaves and Skinner, including one warning that Chaves and Skinner would "pay" if they did not keep quiet. Because of Defendant De Souza's threats, Chaves and Skinner fear for their safety and the safety of their family members.

The Secretary, therefore, seeks from this Court an order permanently enjoining Defendants and those acting on their behalf from violating the anti-retaliation provision of the FLSA, 29 U.S.C. § 215(a)(3), through any further intimidation, threats, harassment, or other adverse action against current or former employees and their families as a result of their protected activity under the FLSA. The Secretary also seeks punitive damages for Defendants' alarming retaliation against Chaves.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

2. Venue is proper in the United States District Court for the District of Massachusetts because a substantial part of the events giving rise to the claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

### Parties

3. Plaintiff Martin J. Walsh, Secretary of Labor, Department of Labor, is authorized to bring actions to restrain violations of the anti-retaliation provision and other provisions of the FLSA. *See* 29 U.S.C. §§ 211(a), 216(b), 216(c), and 217. The Secretary is the proper plaintiff in this action.

4. Defendant PS Tree Service, Inc. ("PS Tree") is a Massachusetts corporation with a principal office address of 42 South Shore Road, Holbrook, Massachusetts 02343. PS Tree is in the business of providing tree services.

5. Defendant Ronan A. De Souza is the director and sole officer of PS Tree. Defendant De Souza resides in Holbrook, Massachusetts, within the jurisdiction of this Court.

### Daniel Chaves's Work for PS Tree

6. From about March 2020 to about September 2020, Daniel Chaves worked for PS Tree.

7. During that time period, Chaves was an employee, as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

8. Chaves was under the age of 18 throughout the entire period that Chaves was employed by PS Tree.

9. Defendant De Souza supervised Chaves at PS Tree.

10. When Chaves started working for PS Tree, Chaves earned $14.00 per hour.

11. In or around July 2020, Chaves's hourly wage increased to $15.00 per hour.

12. In the summer months, Chaves typically worked from 7:00 a.m. to approximately 6:00 p.m. on weekdays and occasionally until 8:00 p.m. or 9:00 p.m.

13. Chaves also worked two Saturdays each month.

14. Neither PS Tree nor Defendant De Souza paid Chaves the overtime premium required by Section 7 of the FLSA, 29 U.S.C. § 207, for weeks in which Chaves worked more than 40 hours.

15. Chaves never received one and one-half times Chaves's regular rate of pay from Defendants for overtime hours worked.

16. Defendants always paid Chaves at Chaves's straight-time rate.

17. Even though Chaves was a minor at the time, Chaves operated and cleaned a wood chipper while working for PS Tree.

18. Chaves also regularly held and started a chainsaw for Defendant De Souza.

19. The operation of chainsaws and wood chippers by minors under the age of 18 is prohibited by Section 12(c) of the FLSA, 29 U.S.C. § 212(c), and 29 C.F.R. § 570.65.

### Chaves's Participation in the Wage and Hour Investigation

20. In 2021, the Wage and Hour Division of the United States Department of Labor initiated an investigation of Defendants' compliance with the FLSA, including the Act's provisions relating to overtime compensation and child labor.

21. As part of that investigation, on or about June 4, 2021, Chaves provided to the Wage and Hour Division investigator a statement concerning Chaves's work at PS Tree.

22. Chaves's aunt, Andreia Skinner, also provided a statement as part of the investigation on or about June 4, 2021.

23. Chaves currently resides with Skinner, and until the time that Chaves turned 18, Skinner served as Chaves's legal guardian.

### Defendants' Retaliation Against Chaves

24. After Chaves gave a statement to the Wage and Hour Division, Defendants intimidated and threatened Chaves and Chaves's family.

25. On or about June 27, 2021, Defendant De Souza sent Chaves messages on the texting application WhatsApp, in which De Souza expressed a belief that Skinner had made a complaint about PS Tree.

26. Defendant De Souza's text messages read: "She was the one who made the complaint about the company, I already found out. . . . Your aunt Andreia . . . Just tell her to relax because she runs much more risk than I do ok."

27. On or about June 28, 2021, Defendant De Souza then sent Skinner multiple threatening messages on WhatsApp.

28. When Skinner stated that Skinner intended to look for a lawyer to deal with Defendant De Souza's threats, Defendant De Souza replied: "Go right now otherwise tomorrow will be too late."

29. Defendant De Souza also wrote to Skinner: "So, keep things to yourself otherwise you both will pay."

30. After receiving these threatening text messages, on or about June 28, 2021, Skinner reported the situation to the police.

31. Skinner believes that Defendant De Souza also has threatened at least one other member of Chaves and Skinner's family.

32. Both Chaves and Skinner currently feel unsafe and threatened by Defendant De Souza's intimidating messages.

33. Chaves and Skinner are afraid for their safety and the security of their family members.

## COUNT ONE
**(Violation of the Anti-Retaliation Provision of the FLSA, 29 U.S.C. § 215(a)(3))**

34. The Secretary incorporates by reference and re-alleges all foregoing allegations in the Complaint.

35. Section 15(a)(3) prohibits retaliation against employees and former employees because they assert their rights under the FLSA. The provision prohibits, among other things,

"any person" from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee . . . has testified or is about to testify in any . . . proceeding" under the Act. 29 U.S.C. § 215(a)(3).

36. In violation of Section 15(a)(3), Defendants have retaliated against Chaves—including by threatening the safety of Chaves and Chaves's family—because Chaves engaged in the protected activity of making a statement to an investigator with the Wage and Hour Division.

37. As a result of Defendants' actions, a reasonable employee would be dissuaded from engaging in activities protected under the Act, such as cooperating with an investigation by the Secretary into violations of the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, cause having been shown, the Secretary respectfully prays that this Court enter judgment against Defendants and provide the following relief:

a. An order issued pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, and employees, and those persons in active concert or participation with Defendants, from violating the provisions of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3), including by threatening, harassing, or intimidating any current or former employee or their family members because the employee engaged in protected activity under the FLSA;

b. An order awarding punitive damages for Defendants' retaliation against Daniel Chaves in violation of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3);

c. An order awarding the Secretary all costs of this action; and

d.  An order awarding the Secretary with any other relief that the Court deems necessary and appropriate.

| | |
|---|---|
| Post Office Address: | Seema Nanda<br>Solicitor of Labor |
| U.S. Department of Labor<br>Office of the Solicitor<br>John F. Kennedy Federal Building<br>Room E-375<br>Boston, MA 02203<br>TEL: (617) 565-2500<br>FAX: (617) 565-2142 | Maia S. Fisher<br>Regional Solicitor<br><br>Mark A. Pedulla<br>Wage and Hour Counsel |
| | /s/ Emily V. Wilkinson<br>Emily V. Wilkinson<br>Trial Attorney |
| Date: July 20, 2021 | wilkinson.emily.v@dol.gov<br>MA BBO No. 699512 |
| | U.S. Department of Labor<br>Attorneys for Plaintiff |