UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> PS TREE SERVICE, INC. and RONAN A. DE SOUZA, <br><br> Defendants. | Civil Action No. 1:21-cv-11179 <br><br> July 20, 2021 |

## SECRETARY OF LABOR'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor (the "Secretary"), seeks immediately to restrain Defendants PS Tree Service, Inc. and Ronan A. De Souza (collectively, "Defendants"), from retaliating against employees who assert their rights under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA" or "Act").

On or about June 4, 2021, Daniel Chaves, who was under 18 while employed by Defendants, gave a statement to a United States Department of Labor investigator as part of the Secretary's investigation into Defendants under the FLSA. Chaves's aunt and former legal guardian, Andreia Skinner, also spoke with the investigator about the work Chaves did for Defendants as a minor. In retaliation for their participation in the investigation, Defendant De Souza threatened Chaves and Skinner, writing that "tomorrow [would] be too late" for them to seek legal help and that they "both [would] pay" if they did not remain quiet in the investigation. Defendants' threats and intimidation tactics violate Section 15(a)(3) of the FLSA, 29 U.S.C.

1

§ 215(a)(3), the Act's anti-retaliation provision, and have left Chaves and Skinner deeply afraid for their safety and the security of their family members.

Accordingly, pursuant to Rule 65 of the Federal Rules of Civil Procedure and Section 17 of the FLSA, 29 U.S.C. § 217, the Secretary respectfully moves this Court for: (1) a temporary restraining order, to remain in effect until a hearing can be held, and (2) a preliminary injunction, to be issued after a hearing, each of which would restrain Defendants from continuing to violate Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3), and require Defendants to provide notice to employees of their rights under the FLSA. In the accompanying memorandum, the Secretary establishes that a temporary restraining order and a preliminary injunction are necessary and appropriate in this case. The Secretary is likely to succeed on the merits of his retaliation claim, the balance of equities and public interest heavily favor an injunction, and Chaves and the Secretary will suffer irreparable harm unless Defendants are enjoined from continuing to retaliate against employees who engage in activity protected by the FLSA.

The Secretary therefore respectfully requests from this Court a temporary restraining order to issue immediately and a preliminary injunction to issue after a hearing:

1. Enjoining and restraining Defendants, their officers, agents, servants, and employees, and those persons in active concert or participation with Defendants, from violating the provisions of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3), by retaliating, taking any adverse action, or threatening to take any adverse action against any current or former employee or their families because that employee or former employee asserted their rights under the FLSA;

2. Requiring Defendants to permit a representative of the Secretary to read aloud to all Defendants' employees, during employees' paid working hours, the statement attached to this motion as Exhibit B, informing the employees of their right to speak with representatives of the Secretary and to file complaints regarding possible wage and hour violations, free from retaliation or threats of retaliation or intimidation by Defendants or their agents;

3. Requiring Defendants to post at each worksite a copy of the statement attached as Exhibit B in English, Portuguese, Spanish, and any other language that may be necessary for

workers to effectively understand the statement, and provide each worker with a copy of the written statement in English, Portuguese, Spanish, and any other language that may be necessary for workers to effectively understand the statement, with their next paycheck;

4. Requiring Defendants to pay the Secretary's costs in bringing this motion; and

5. Ordering any other relief that the Court deems necessary and appropriate.

<u>REQUEST FOR ORAL ARGUMENT</u>

The Secretary is providing Defendants with notice of this motion. An expedited preliminary injunction hearing is requested. Prior to the hearing, the Secretary respectfully requests that the Court issue an immediate order temporarily restraining Defendants from violating Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3), and requiring Defendants to provide notice to employees of their rights under the FLSA.

<u>Local Rule 7.1(a)(2) Certification</u>

Undersigned counsel was not able to confer with counsel for Defendants because it is not known at this time whether Defendants have legal representation.

| | |
|---|---|
| Post Office Address: | Seema Nanda<br>Solicitor of Labor |
| U.S. Department of Labor<br>Office of the Solicitor<br>John F. Kennedy Federal Building<br>Room E-375<br>Boston, MA 02203<br>TEL: (617) 565-2500<br>FAX: (617) 565-2142 | Maia S. Fisher<br>Regional Solicitor<br><br>Mark A. Pedulla<br>Wage and Hour Counsel |
| | <u>/s/ Emily V. Wilkinson</u><br>Emily V. Wilkinson<br>Trial Attorney |
| Date: July 20, 2021 | wilkinson.emily.v@dol.gov<br>MA BBO No. 699512<br><br>U.S. Department of Labor<br>Attorneys for Plaintiff |

3

CERTIFICATE OF SERVICE

    I certify that, on July 20, 2021, I caused a copy of the Secretary of Labor's Motion for a Temporary Restraining Order and Preliminary Injunction to be served by mail on Defendants at the following addresses:

    PS Tree Service, Inc.
    c/o Ronan A. De Souza, Registered Agent
    42 South Shore Rd.
    Holbrook, MA 02343

    Ronan A. De Souza
    42 South Shore Rd.
    Holbrook, MA 02343

                                            /s/ Emily V. Wilkinson
                                            Emily V. Wilkinson
                                            Trial Attorney