UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> PS TREE SERVICE, INC. and RONAN A. DE SOUZA, <br><br> Defendants. | Civil Action No. 1:21-cv-11179-NMG |

## CONSENT JUDGMENT AND ORDER

Plaintiff Secretary of Labor, United States Department of Labor (the "Secretary"), has filed a Complaint in this case under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA" or "Act"). Defendants PS Tree Service, Inc. and Ronan A. De Souza (collectively, "Defendants") received a copy of the Complaint on July 26, 2021 and waived service on July 28, 2021. Defendants answered the Complaint on September 24, 2021. Defendants admit that they violated Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3).

The Court finds that it has jurisdiction to enter this Consent Judgment and Order (the "Consent Judgment"), and the Secretary and Defendants agree to its terms.

It is therefore ORDERED, ADJUGED, and DECREED that:

1. Defendants, their officers, agents, servants, and employees, and those persons in active concert or participation with Defendants, are permanently enjoined and restrained from violating the provisions of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3). Among other prohibited acts of retaliation, Defendants and any other persons subject to this permanent injunction shall not:

1

Case 1:21-cv-11179-NMG   Document 28-1   Filed 02/09/22   Page 3 of 8

a. Terminate or threaten to terminate any employee because the employee engaged in or is about to engage in protected activity under the FLSA;

b. Threaten any employee or former employee or their family, verbally or in writing, because the employee or former employee engaged in or is about to engage in protected activity under the FLSA;

c. Inflict physical harm or verbal abuse on any employee or former employee or their family because the employee or former employee engaged in or is about to engage in protected activity under the FLSA;

d. Report or threaten to report any employee or former employee to immigration authorities because the employee or former employee engaged in or is about to engage in protected activity under the FLSA;

e. Threaten to have any employee or former employee deported because the employee or former employee engaged in or is about to engage in protected activity under the FLSA;

f. Use against any employee or former employee the employee or former employee's immigration status, citizenship, work authorization status, or lack of government documents (including a driver's license) because the employee or former employee engaged in or is about to engage in protected activity under the FLSA;

g. Disparage or threaten to disparage any employee or former employee to other employers because the employee or former employee engaged in or is about to engage in protected activity under the FLSA;

h. Blacklist any employee or former employee, such as by interfering with that employee or former employee's ability to obtain other employment, because the employee or former employee engaged in or is about to engage in protected activity under the FLSA;

i. Make any employee's working conditions less favorable, including by reducing any employee's hours of work or pay, because the employee engaged in or is about to engage in protected activity under the FLSA;

j. Retaliate or discriminate against any employee or former employee or their family in any other way because the employee or former employee engaged in or is about to engage in protected activity under the FLSA; and

k. Instruct any employee or former employee not to speak to, or to provide false information to, the United States Department of Labor, or otherwise influence any employee or former employee with respect to their participation in any investigation conducted or legal proceeding brought by the United States Department of Labor.

2. Further, the Court, finding that Daniel Chaves is due punitive damages in the amount of $25,000.00 for Defendants' violations of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), orders that Defendants shall pay to the Secretary said punitive damages, plus any applicable interest, according to the terms set forth herein. Upon receipt from Defendants, the Secretary shall then distribute to Daniel Chaves the punitive damages amount totaling $25,000.00.

3. The punitive damages provisions of this Consent Judgment shall be deemed satisfied when Defendants deliver to the Secretary the total amount of $25,000.00 in punitive damages.

4. Defendants shall make the payment required by this Consent Judgment within 60 days of the date of the Court's entry of this Consent Judgment.

5. Defendants may make the punitive damages payments required by this Consent Judgment online by ACH transfer, credit card, debit card, or digital wallet by going to https://pay.gov/public/form/start/77689032 or by going to http://www.pay.gov and searching for WHDBWNE. Alternatively, payments may be made in the form of certified checks made payable to "Wage and Hour Division—Labor," and delivered to the United States Department of Labor, Wage and Hour Division, 1835 Market Street, 19th Floor, Philadelphia, Pennsylvania 19103-2968, Attn: Madelyn Flores. Any certified check shall have Case No. 1937832 written on the face of the certified check.

6. In the event Defendants fail to make payment within ten days of payment being due under this Consent Judgment, Defendants consent to the entry of a Writ of Execution, pursuant to Rule 69 of the Federal Rules of Civil Procedure, to enforce the monetary terms of this Consent Judgment. Such a writ of execution shall be limited to the pending balance of the Defendants' monetary obligations under this Consent Judgment at the time such writ is issued. The Secretary may represent in filing for such a writ that Defendants consent to its issuance. Upon request from the Secretary, Defendants agree to furnish a complete and accurate list of their real, personal, and business property and other assets, including bank accounts with account numbers, that have an estimated value of $2,000.00 or more and the locations of such property

4

for purposes of the Secretary seeking a Writ of Execution in accordance with this Paragraph of the Consent Judgment.

7.  Defendants shall not, in any way, solicit, demand, accept, or keep any amount paid or payable to any employee or former employee under this Consent Judgment, or in any manner attempt to recover or otherwise influence any employee or former employee to forfeit any amounts paid to such employee or former employee in connection with this Consent Judgment. In the event any such amount is received from any employee or former employee, Defendants shall immediately remit such amount to the United States Department of Labor at the following address: United States Department of Labor, Wage and Hour Division, 1835 Market Street, 19th Floor, Philadelphia, Pennsylvania 19103-2968, Attn: Madelyn Flores.

8.  Defendants represent that, to the best of their knowledge and following diligent review and inquiry, Defendants have been in compliance with Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), as interpreted by the Secretary, since June 29, 2021. In entering this Consent Judgment, the Secretary has relied on the truth of this representation. If this representation is determined to be false, and Defendants are found to be in violation of the Act, additional damages may be owed and other relief may be appropriate.

9.  Defendants shall not fail to cooperate with the United States Department of Labor in any investigation conducted pursuant to Section 11(a) of the FLSA, 29 U.S.C. § 211(a). Defendants shall provide truthful responses and other information and documents to the United States Department of Labor. Nothing contained in this Consent Judgment, including the requirement to cooperate as set forth in this Paragraph, abrogates Defendants' rights under the United States Constitution.

10. Nothing in this Consent Judgment precludes the Secretary from using evidence discovered in the investigation that led to the Complaint in this matter in any future investigation, enforcement action, or legal action.

11. Nothing in this Consent Judgment precludes the Secretary from bringing any enforcement action against Defendants for any violation of the FLSA not specifically set forth in the Secretary's Complaint in this case.

12. Each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

SO ORDERED, this 10th day of February, 2022.

Nathaniel M. Gorton
United States District Judge

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| **For the Secretary:** | **For All Defendants:** |
|---|---|

Seema Nanda
Solicitor of Labor

Maia S. Fisher
Regional Solicitor

Christine T. Eskilson
Deputy Regional Solicitor

Mark A. Pedulla
Wage and Hour Counsel

/s/ Emily V. Wilkinson
Emily V. Wilkinson
Trial Attorney
wilkinson.emily.v@dol.gov
MA BBO No. 699512

U.S. Department of Labor
Attorneys for Plaintiff

Post Office Address:
U.S. Department of Labor
Office of the Solicitor
John F. Kennedy Federal Building
Room E-375
Boston, MA 02203
TEL: (617) 565-2500
FAX: (617) 565-2142

Date: February 9, 2022

/s/ Thomas J. Flanagan, Jr.
Thomas J. Flanagan, Jr.
969 Main Street, Suite 201
Walpole, MA 02081
(774) 219-1394
Tflanaganlaw@comcast.net
BBO# 639392

Attorney for Defendants

Date: February 4, 2022

7